IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANNY BROWN,

    Plaintiff,

v.                                       No. 11-1076 B

CHESTER COUNTY, TENNESSEE,
*et al.*,

    Defendants.
_____

ORDER OF DISMISSAL
_____

        This action was brought on April 5, 2011 by the Plaintiff, Danny Brown, against Chester County, Tennessee; the Chester County Sheriff's Department; Sheriff Blair Weaver; and unnamed Chester County jailers. (D.E. 1.) The complaint alleged violation of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, as well as various state law claims. (Id.) On April 16, 2012, Magistrate Judge Edward G. Bryant granted the motion of Plaintiff's attorney, Leslie J. Fatowe, to withdraw as counsel for medical reasons. (D.E. 17.) In the same order, Judge Bryant directed Brown to notify the Court within forty-five days as to the name, address and telephone number of his new attorney. (Id. at 1.) On June 7, 2012, Judge Bryant entered an order granting the Plaintiff's motion to extend the time in which he was to obtain new counsel to fourteen days from the date thereof. (D.E. 21.) Brown requested and was granted an additional thirty days on June 21, 2012. (D.E. 23.) He sought a further extension of sixty days on July 23, 2012. (D.E. 24.) On August 21, 2012, after the Plaintiff failed to appear for a scheduling conference in this matter (D.E. 29), the named Defendants moved for dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure (D.E. 27.) No

response was filed to the motion. This case was reassigned to the undersigned on August 22, 2012. (D.E. 28.) The July 23, 2012 motion was referred to the magistrate judge on August 23, 2012 (D.E. 31) and denied in an order entered September 25, 2012 (D.E. 33).

As from this procedural history the Court determined that it appeared Brown had chosen not to pursue his claims against the named Defendants, it entered an order on September 28, 2012 directing Plaintiff to show cause within eleven days why his claims against them should not be dismissed for failure to prosecute pursuant to Rule 41(b). (D.E. 34.) The Court also directed Brown to show cause why his claims against the John Doe Defendants should not be dismissed on Rule 41 grounds. (Id. at 2-3.) The Plaintiff was advised that "failure to file a sufficient and timely response to the directives contained in [the show cause] order will result in dismissal of his claims." (Id. at 3.) No response has been filed by the Plaintiff.

Rule 41(b) provides for dismissal of actions for failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . ." Fed. R. Civ. P. 41(b). It is well-settled that a district court may enter an order of dismissal *sua sponte* under Rule 41(b). Rogers v. City of Warren, 302 F. App'x 371, 375 n.4 (6th Cir. 2008). The authority to dismiss a case under the Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted), *reh'g & suggestion for reh'g en banc denied* (June 30, 1999). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure

was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." Id. at 737.

In this case, the Plaintiff's attorney withdrew on April 16, 2012.  In the intervening six months, he has failed to either hire new counsel or decide to represent himself.  He has failed to appear for a scheduling conference and failed to respond to a motion to dismiss and the Court's September 28, 2012 show cause order.  The necessity of monitoring a case that the Plaintiff apparently has no desire to pursue impacts Defendants negatively and affects the Court's ability to manage its docket.  In addition, Brown was admonished in no uncertain terms in the Court's show cause order that failure to respond thereto would result in dismissal of his complaint.  Under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to move this case forward.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED.

IT IS SO ORDERED this 16th day of October 2012.

                                                          s/ J. DANIEL BREEN
                                                         UNITED STATES DISTRICT JUDGE